J. A10002/17

2017 PA Super 285

KAREN ZAJICK, IN HER OWN RIGHT : IN THE SUPERIOR COURT OF
AND AS ASSIGNEE OF ROBERT AND : PENNSYLVANIA
ARLENE SANTHOUSE, :
     APPELLANT :
    v. :
          :
THE CUTLER GROUP, INC. :
          :
          :
          : No. 1343 EDA 2016

Appeal from the Order Entered April 18, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2012-17179

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.:          **FILED AUGUST 31, 2017**

Appellant, Karen Zajick, appeals from the April 18, 2016 Order entered in the Court of Common Pleas of Montgomery County which granted summary judgment in favor of Appellee, The Cutler Group, Inc ("Cutler"). Upon careful review, we conclude that there is no evidence that Appellant justifiably relied on representations from Cutler regarding the construction of Appellant's specific home or alleged defective stucco, as is required to bring a private cause of action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-2, *et seq.* Accordingly, we affirm.

In 2003, Cutler built a stucco home at 7 Landon Way, Exton, Pennsylvania, and sold it to Robert and Arlene Santhouse ("the

Santhouses"). In December 2008, Appellant purchased the home from the Santhouses after having the property professionally inspected.

Over two years later, in March 2011, Appellant noticed leaks in the home, notified Cutler, and demanded that Cutler fix the leaks. In June 2011, Appellant hired a stucco inspector to conduct a stucco inspection and moisture analysis of the home. The inspector concluded that the home's stucco system was defective and recommended stucco replacement.

On August 17, 2012, Appellant filed a Complaint bringing claims against Cutler for breach of contract, breach of express and implied warranties, and violations of Pennsylvania's UTPCPL, seeking damages arising from the purchase of the home.

Cutler subsequently filed a Motion for Judgment on the Pleadings seeking dismissal of all four causes of action. On June 3, 2015, the trial court granted the Motion in part, and dismissed all claims except the UTPCPL claim. The trial court denied the Motion as it pertained to the UTPCPL claim based on representations from Appellant at argument that discovery was ongoing and that she would ultimately obtain the evidence necessary to support her UTPCPL cause of action.

On November 9, 2015, after the discovery deadline, Cutler filed a Motion for Summary Judgment. In response, Appellant filed an Answer admitting that she never had any communication with Cutler regarding the home. Additionally, Appellant submitted an affidavit stating that in making

the decision to purchase the home, she relied upon Cutler's reputation in the community, her own personal experience purchasing and inhabiting another home built by Cutler, and general representations made by one of Cutler's sales representatives several years earlier when Appellant was purchasing a previous home directly from Cutler. Appellant did not provide the trial court with any representations from Cutler regarding the specific home at issue or the stucco system used to construct the home. On April 18, 2016, after oral argument, the trial court granted the Motion and dismissed Appellant's only remaining claim for violations of UTPCPL.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Whether the trial court committed an error of law in granting [Cutler]'s Motion for Summary Judgment and dismissing Appellant's Complaint asserting a cause of action for [Cutler]'s Violation of the Pennsylvania [UTPCPL], 73 P.S. § 201-1 *et seq*." Appellant's Brief at 4 (some capitalization omitted).

We review a trial court's grant of summary judgment for an error of law or an abuse of discretion. **Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010). A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Summers, supra** at 1159 (citation and quotation omitted);

*see also* Pa.R.C.P. No. 1035.2. Whether any genuine issues of material fact exist is a question of law and, therefore, subject to a *de novo* standard of review. ***DeArmitt v. N.Y. Life Ins. Co.***, 73 A.3d 578, 587 (2013). This Court must view the record in the light most favorable to the non-moving party, and any doubt regarding the existence of a genuine issue of material fact must be resolved against the moving party. ***Toy v. Metropolitan Life Ins. Co.***, 928 A.2d 186, 195 (Pa. 2007). The failure of a non-moving party to present sufficient evidence on an issue essential to his case, when the non-moving party bears the burden of proof, establishes the entitlement of the moving party to judgment as a matter of law. ***Cigna Corp. v. Exec. Risk Indem., Inc.***, 111 A.3d 204, 210 (Pa. Super. 2015). Finally, a trial court may only grant summary judgment in cases that are clear and free from all doubt. ***Toy, supra*** at 195.

Instantly, Appellant challenges the court's dismissal of her UTPCPL claim. ***See*** Appellant's Brief at 10. The UTPCPL is Pennsylvania's consumer protection law, which serves the purpose of protecting the public from unfair or deceptive business practices. ***DeArmitt, supra*** at 591. The UTPCPL explicitly authorizes a private cause of action for anyone who purchases goods primarily for personal, family, or household purposes and "suffers any ascertainable loss of money or property" as a result of any person employing an unlawful method, act, or practice. 73 P.S. §201-9.2(a).

In order to bring a private cause of action under the UTPCPL, "a plaintiff must show that he **justifiably relied** on the defendant's wrongful conduct or **representation** and that he suffered harm as a result of that reliance." *Yocca v. Pittsburgh Steelers Sports, Inc*., 854 A.2d 425, 438 (Pa. 2004) (emphasis added).  Strict technical privity is not required to bring a cause of action under the UTPCPL.  *Valley Forge Towers Smith Condominium v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 647 (Pa. Super. 1990).

Appellant argues that because the UTPCPL does not require privity of contract for a claimant to assert a cause of action against the builder and seller of residential real estate, the trial court erred in dismissing the claim on this basis.  *See* Appellant's Brief at 10*.*

Contrary to Appellant's characterization, the trial court did recognize that Appellant could have standing to bring a claim against Cutler under the UTPCPL despite not having privity of contract.  *See* Trial Court Opinion, dated 10/21/16, at 4.  Notwithstanding, the trial court granted summary judgment after concluding that Appellant "failed to establish any representations made by [Cutler] that rise to the level of representations upon which reasonable justifiable reliance is foreseeable." *See id.* at 5.  We agree.

In *Adams v. Hellings Builders, Inc.*, 146 A.3d 795 (Pa. Super. 2016), a case cited by Appellant, this Court held that strict technical privity

is not required to assert a cause of action under the UTPCPL, rather the "focus is on whether reliance on alleged misrepresentations was specially forseeable." *Id.* at 801.

In **Adams**, the plaintiffs purchased a home and subsequently brought a claim under the UTPCPL, alleging that the sales agreement between the builder and the initial purchasers represented that the home would include a three-coat stucco system according to International Residential Code Standards. However, upon inspection by plaintiff's expert, the stucco system did not comply with those standards. *Id.* The plaintiffs alleged that they had justifiably relied on this sales agreement when they decided to purchase the home. *Id.* On appeal, this Court determined that these facts were sufficient to support a private cause of action under the UTPCPL because the complaint alleged that the builder made representations about the home and stucco system in the sales agreement, and it was foreseeable that plaintiffs would justifiably rely on those representations. **Adams, supra** at 801-802.

In contrast to the plaintiffs in **Adams**, Appellant did not produce any evidence that Cutler made representations about the specific home at issue or the alleged defective stucco to her or the previous purchasers. In fact, Appellant concedes "she never had any communication with Cutler regarding **this home** prior to purchasing it from the Santhouses." Plaintiff's Answer to Defendant's Motion for Summary Judgment at ¶20 (emphasis added).

Rather, Appellant's affidavit submitted in opposition to Cutler's Motion for Summary Judgment states that Appellant relied on (1) the "reputation" of Cutler as an "experienced, reliable, reputable builder of custom homes[;]" (2) the experience Appellant had in purchasing and inhabiting her previous home, which was built by Cutler and did not exhibit latent construction defects; and (3) "the representations of Wendy Dunlop, who was employed as a sales representative by [Cutler] as to the construction and quality of the homes in the Reserve at Malvern[,]" the same development as the home at issue, when Appellant was in the process of purchasing her previous home directly from Cutler and toured homes there. Affidavit of Karen Zajick, filed 12/3/15.

There is no legal basis to allow Appellant's claim to move forward based solely on her reliance on Cutler's reputation and general statements from a sales representatives about homes in the same development.

Since Appellant failed to establish that Cutler made any representations about her specific home or the alleged defective stucco, the trial court properly found that she failed as a matter of law to present evidence that she "justifiably relied" on "representations" of Cutler. Accordingly, we conclude that the trial court did not abuse its discretion or err as a matter of law when it granted summary judgment in favor of Cutler.

Order affirmed.

J. A10002/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017